ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 JAN 22 P 3: 33

CLERK_____
S. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MACK HENRY LOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 313-002 |
| | ) | |
| RALPH KEMP, Warden; JERRY SIKES, Investigator; RON COLE, Unit Manager; HUBERT MILLER, Senior Officer; LAKEISHA WRIGHT, Senior Officer; JAMES ROBINSON, Correctional Officer; ROSE EDMOND, Correctional Officer; LEE ANN HAMILTON, Correctional Officer; ERIC HARDEN, Correctional Officer; TRACY WILLIAMS, Correctional Officer; ERIC BRYANT, Unit Manager; O. RODRIGUEZ, Warden of Care and Treatment at Wheeler Correction; and, JOHN DOE, Security Warden and Officers,[1] | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Macon State Prison ("MSP") in Oglethorpe, Georgia,[2] seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and

---

[1]The **CLERK** is **DIRECTED** to modify the docket to reflect that Lee Ann Hamilton is a "Correctional Officer," and that Plaintiff appears to identify Defendant John Doe as "Security Warden and Officers." (See doc. no. 1, pp. 1, 4.)

[2]While Plaintiff is currently incarcerated at MSP, his complaint primarily concerns events that allegedly occurred at Wheeler Correctional Facility ("WCF") in Alamo, Georgia. (See doc. no. 1.)

**RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2), and that this action be **DISMISSED** without prejudice.

### I. BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[3]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

### II. DISCUSSION

#### A. Prior Filing History

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed as frivolous: (1) Lott v. Barrett, 1:02-CV-141 (N.D. Ga. Feb. 19, 2002);

---

[3]The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

2

(2) Lott v. Barrett, 1:01-CV-3471 (N.D. Ga. Mar. 5, 2002); and, (3) Lott v. Baldwin, 1:03-CV-2785 (N.D. Ga. Oct. 30, 2003).[4] As these previous cases were dismissed as frivolous, they qualify as strikes under § 1915(g). Because Plaintiff has at least three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

### B. Plaintiff Does Not Qualify for the "Imminent Danger" Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Here, the only allegations Plaintiff makes in his statement of claims that arguably involve being in danger concern an alleged incident of excessive use of force by prison officials, as well as one involving denial of medical treatment, both of which purportedly occurred in June of 2009.[5] (Doc. no. 1, pp. 5-6.) Moreover, Plaintiff's allegations concern misconduct that allegedly took place at WCF, and he identifies multiple Defendants as officials and employees at WCF. (See id. at 4-5.) Notably, Plaintiff does not allege any continuing threat of harm concerning these events and, as Plaintiff is now incarcerated at MSP, any potential such threat has dissipated.[6]

---

[4]In fact, the complaints in a number of Plaintiff's attempts to initiate lawsuits have been dismissed because of his accumulation of three strikes under § 1915(g). See, e.g., Lott v. Goodrich, CV 511-026 (S.D. Ga. May 4, 2011) (hereinafter "CV 511-026"); Lott v. Jackson, CV 508-016 (S.D. Ga. May 13, 2008).

[5]To that end, Plaintiff states that he filed a lawsuit dealing with "the same facts involved in this action" in August of 2009 in the Superior Court of Wheeler County, Georgia (see doc. no. 1, pp. 1-2), and that he received a response to his appeal in the prison's grievance procedure concerning the "facts relating to [his] complaint" on August 11, 2009 (see id. at 4).

[6]With respect to his claims about deliberate indifference to his medical needs, Plaintiff only specifically alleges that he was denied medical treatment on June 15, 2009 at

3

In short, Plaintiff's allegations either concern past misconduct that occurred well before he filed his complaint in January of 2013 or are otherwise insufficient to show any imminent danger of serious physical injury at the time he commenced this suit.[7] See Medberry, 185 F.3d at 1193. Therefore, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three-strike rule.

C.  **Dishonesty in Complaint**

Moreover, the form complaint that Plaintiff used to commence this case, "Form to be Used by Prisoners In Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983,"

---

WCF, but he also requests that he now be provided pain medication and physical therapy. (Doc. no. 1, p. 6.) Even inferring from this request that Plaintiff alleges that he is presently being denied treatment at MSP, any such claim would of course lie against officials at MSP, which is situated within the Middle District of Georgia. Assuming claims involving misconduct at MSP could even be properly joined in this action, however, Plaintiff's vague allegations are insufficient to establish imminent danger of serious physical injury. See Skillern v. Paul, 202 F. App'x 343, 344 (11th Cir. 2006) (*per curiam*) (plaintiff's "vague" allegations about denial of medication did not bring him within imminent danger exception where he failed to describe the condition for which he required treatment or "that he suffered any physical injury as a result of not receiving the medication.").

[7]The Court notes that Plaintiff also submitted a series of attachments to his complaint (see doc. no. 1, pp. 8-38), including a lengthy and largely nonsensical "application" in which he mostly offers recitations of case law and legal standards (see id. at 8-29). In the rare instances where Plaintiff references anything remotely suggesting danger in these attachments, however, it is again in the form of allegations of excessive use of force and deliberate indifference to his safety and medical needs that purportedly occurred either in June of 2009 or at some time in 2010. (See id. at 12-13, 22-23, 26.)

Plaintiff also makes the vague allegation that inmates at WCF "who are dependent on pharmaceuticals . . . are placed in serious risk of bodily injury or death by the shortcomings of the medical delivery system." (Id. at 11.) Notably, Plaintiff does not allege that *he* was affected and, in any event, he is no longer incarcerated at WCF, removing any threat the inadequacy of their procedures might present to him. See Medberry, 185 F.3d at 1193. Similarly, to the extent Plaintiff alleges that "medical services [are] believed to be inadequate for more than a year across the State of Georgia Prison System," this allegation is simply too vague and conclusory to establish that Plaintiff is in imminent danger. See Skillern, 202 F. App'x at 344.

4

requires that prisoner plaintiffs disclose: (1) whether they have brought other federal lawsuits while incarcerated, (2) whether they were allowed to proceed IFP in any such lawsuits, and (3) whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim.[8] (Doc. no. 1, pp. 1-3.) Under penalty of perjury, Plaintiff indicated that he had only filed one previous case, in the Superior Court of Wheeler County, Georgia. (See id. at 1-2.) Moreover, Plaintiff stated that he had never had any suit filed in federal court in which he was allowed to proceed IFP dismissed as frivolous, malicious, or for failure to state a claim. (See id. at 3.)

In the attachments submitted with his complaint, however, Plaintiff does disclose four federal lawsuits, including the three noted as strikes supra Part II.A, and CV 511-026, which was dismissed pursuant to the three-strikes provision. (See doc. no. 1, pp. 18, 24.) Still, the Court is aware of multiple other cases that Plaintiff has filed in federal court, including: (1) Lott v. Jackson, CV 508-016 (S.D. Ga. May 13, 2008) and (2) Lott v. Barrett, 1:04-CV-1631 (N.D. Ga. June 28, 2004). Notably, this is not an exhaustive list, and Plaintiff nowhere in his complaint or accompanying attachments discloses any cases aside from the four previously noted. Thus, Plaintiff's blatant dishonesty provides another basis for dismissal of this case.

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

---

[8]Under the question concerning whether a prisoner plaintiff has brought any lawsuits in federal court dealing with the facts other than those involved in this action, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each such lawsuit, and if there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Id. at 2.)

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731, *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007) (citations omitted); see also Young v. Sec'y Fla. Dep't of Corrs., 380 F. App'x 939, 940-41 (11th Cir. 2011) (*per curiam*) (affirming dismissal under inherent power of federal courts based on a plaintiff's failure to disclose prior cases on the court's complaint form).[9]

All told, Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g); thus, he fails to demonstrate that he should be excused from paying the full filing fee. Furthermore, even if Plaintiff were allowed

---

[9]The court in Parker thoughtfully ruled as follows:

> The sophistication of [p]laintiff's substantive arguments and his knowledge of the procedural rules convince this Court that [p]laintiff understands the severity of not revealing the truth to the Court. This Court has the authority to control and manage matters such as this pending before it. This Court firmly believes that [p]laintiff must be forced to conform to acceptable standards in approaching this Court.
>
> This Court will not tolerate false responses and/or statements in any pleading or motion filed for consideration by the Court. If the Court cannot rely on the statements and/or responses made, it threatens the quality of justice. Here [p]laintiff has falsely responded [by denying the existence of prior lawsuits] to Question (B) in Section IV, entitled "Previous Lawsuits."
>
> Therefore, this Court is of the opinion that an appropriate sanction is to dismiss this case without prejudice and warn [p]laintiff that such false responses, filed herein or filed in the future, will not be tolerated and may result in more severe and long-term sanctions in the future. For now, this case will be dismissed for [p]laintiff's abuse of the judicial process in not providing the Court with true factual statements and/or responses that can be relied on to bring his case to an expeditious closure.

Rivera v. Parker, CV 396-325, doc. no. 4 (M.D. Fla. May 2, 1996).

to proceed IFP, the above-captioned case would still be subject to a recommendation of dismissal as a sanction because he has abused the judicial process by providing dishonest information about his filing history.[10]

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to proceed IFP be **DENIED** (doc. no. 2), and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED and RECOMMENDED this ___ day of January, 2013, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[10]The practice of dismissing a case as a sanction for providing false information about prior filing history is well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006) (*per curiam*).

7