FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 FEB 20 PM 1:14
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MACK HENRY LOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 313-002 |
| ) | |
| RALPH KEMP, Warden, et al., ) | |
| ) | |
| Defendants. ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 5). The Magistrate Judge recommended that Plaintiff's complaint be dismissed without prejudice pursuant to the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), because Plaintiff had brought at least three cases that were dismissed as frivolous. In addition, the Magistrate Judge found that Plaintiff did not qualify for the "imminent danger exception" to § 1915(g). Finally, the Magistrate Judge found that Plaintiff was also subject to a recommendation of dismissal because of dishonesty in his complaint, namely that Plaintiff failed to disclose multiple prior federal lawsuits. (See doc. no. 3.)

Plaintiff's objections are lengthy and largely nonsensical, and mostly consist of recitations of case law and legal standards, as well as the repetition of factual allegations that the Magistrate Judge addressed in the R&R. Plaintiff objects, however, to the Magistrate Judge's determination that he does not fall within the "imminent danger" exception to

§ 1915(g), and appears to allege that he is being denied treatment for pain at his current place of incarceration, Macon State Prison ("MSP"), as a result of which he has suffered pain and "mental and emotional injury." (Doc. no. 5, pp. 5-6, 8.) Because Plaintiff appeared to make a similar allegation in his complaint, the Magistrate Judge noted that, even if a claim concerning inadequate medical care at MSP could be joined in this lawsuit–which primarily concerns alleged misconduct at Wheeler Correctional Facility in June of 2009–Plaintiff's allegations about being denied treatment for pain were too vague to establish imminent danger of serious physical injury. (See doc. no. 3, p. 3 n.6.)

While Plaintiff has now returned with slightly more detail about the purported denial of treatment at MSP, the Magistrate Judge's analysis still holds. Assuming, as the Magistrate Judge did, that claims about occurrences at MSP could be properly joined in this lawsuit, because Plaintiff does not allege that his condition is deteriorating or he is suffering physical injury as a result, the denial of pain medication alone is insufficient to establish imminent danger of serious physical injury. See Skillern v. Paul, 202 F. App'x 343, 344 (11th Cir. 2006) (*per curiam*) (noting that denial of medication alone insufficient to establish imminent danger, in part, because plaintiff "never alleged that he suffered any physical injury as a result of not receiving the medication."); see also Wallace v. Strength, CV 109-039, 2009 WL 1406396, at *2 (S.D. Ga. May 19, 2009) (plaintiff failed to establish imminent danger based on denial of pain medication because he did not contend that "his condition is rapidly deteriorating or that he has suffered any sort of illness or infection as a result of the alleged denial of treatment and lack of medication."). In short, Plaintiff's belated allegations fall short of demonstrating he was in imminent danger at the time he filed his complaint.

2

As noted earlier, Plaintiff's remaining objections are reassertions of facts that the Magistrate Judge properly found did not satisfy the standard for showing imminent danger or are otherwise without merit. In sum, Plaintiff's objections provide no basis for departing from the conclusions in the R&R. As a result, his objections are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's request to proceed *in forma pauperis* is **DENIED**, and this civil action is **DISMISSED** without prejudice.[1] If Plaintiff wishes to proceed with the claims raised in this lawsuit, he must initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO ORDERED this 20th day of February, 2013, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE

---

[1] In his objections, Plaintiff has also submitted requests for injunctive relief and the appointment of counsel. (See doc. no. 5, pp. 12-15, 16-18.) As this case is now dismissed, these requests are **MOOT**.

3